CERTAIN INHABITANTS OF MELPOMENE STREET *v.* CITY OF NEW ORLEANS.

The city, as a corporation, has control over the public places and highways within its bounds, and it is
    the province of the corporation, and not of a judicial tribunal, to determine what improvements shall
    be made in the streets and canals of the city.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J.

    *C. Roselius,* and *T. H. Howard,* for plaintiffs.   *J. G. Michel,* for defendant
and appellant.

COLE, J.  The object of this suit is to procure the abatement of what the
plaintiffs consider a nuisance, known as the Melpomene Canal, or drain, by con-
demning the corporation of New Orleans to construct such works as will secure
a walled or cemented side and channel, and an unbroken paved surface.

    There was judgment condemning the city to abate the nuisance within a rea-
sonable time.

    The city has appealed.

    It appears that the Melpomene Canal is a draining canal, and not used for any
other purpose; it drains a large part of the upper portion of the First District.
The city has it cleaned out every three or four years.  The witnesses state, that
the canal has existed, to their knowledge, for twenty or thirty years.  *Mr. Avery*
knew the canal thirty years ago, when its neighborhood was comparatively a
field; he states that improvements began in the neighborhood about twenty
years ago.

    The evidence shows it would increase the value of property fifty per cent. on
each side of the canal, if it were covered.

    The witnesses consider the canal to be a nuisance.

    We are of opinion that the relief demanded cannot be granted by this court.

    This canal has for over thirty years been a drain for a part of the city.  Those
who purchased property in its vicinity, knew that this drain existed.  They paid
less for the property on account of the existence of this canal, and it does not
seem to be very equitable for them to force the city, at its own expense, to con-
struct works for the covering of the canal and for its improvement, which will
augment the value of their property fifty per cent.

    The city, as a corporation, has control over the public places and highways
within its bounds, and it is the province of the corporation, and not of a judicial
tribunal, to determine what improvements shall be made in the streets and canals
of the city.

    If any works be constructed by the corporation at its own cost, it is the tax-
payers who furnish the necessary amount of money, and it is not for courts of
justice in a case like the present, to force the city to be at a great expense to
cover a draining canal which has existed over thirty years, in order to benefit
those who bought property near it, with a full knowledge of its existence and its
offensive character, as a drain for a part of the city.

    The improvement of the city is left to the wisdom and discretion of the muni-
cipal authorities, and courts have not the power to usurp their prerogatives and
to do what the Legislature has imposed upon them.

    If they neglect their obligations, others can be elected in their place, and thus
it is in the power of the inhabitants of the city to abate the nuisance, if such it be.

The canal does not, however, appear to be a nuisance in the legal sense of the word. It is intended for a drain, and it is necessary that canals should exist for the purposes of drainage. Offensive things may occasionally be thrown in, but this is inevitable, in a large city, in despite of the prohibitions of ordinances. If plaintiffs considered the canal a nuisance, they ought not to have purchased along its sides, for it has been in its present condition for twenty-one years and more.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed; that there be judgment in favor of defendant against the demand of plaintiffs, and that plaintiffs pay the costs of both courts.